THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DEBRA REKIEL, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA No. 6:18-cv-0025- ADA-JCM |
| | § | |
| WARDLAW CONSULTING SERVICES, INC., | § | ORAL HEARING REQUESTED |
| WARDLAW CLAIMS SERVICE, LLC, | § | LOCAL RULE 7(H) |
| WCCA, INC., WARDLAW CLAIMS TRAINING | § | |
| CENTER, LLC, CUSTOM DATA SYSTEMS, | § | |
| INC., WCS SERVICES, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

## MOTION OF THE NON-EMPLOYER DEFENDANTS
## FOR SUMMARY JUDGMENT

Pursuant *Fed. R. Civ. P.* 56, Wardlaw Claims Service, LLC, WCCA, Inc., Wardlaw Claims Training Center, LLC, Custom Data Systems, Inc., WCS Services, LLC (collectively, "the Non-Employer Defendants") respectfully file this motion for summary judgment.

**PLAINTIFF'S ALLEGATIONS AGAINST THE NON-EMPLOYER DEFENDANTS**

Plaintiff's employment agreement was with Wardlaw Consulting Services, Inc. ("Wardlaw"). Ex. 3.[1] It was signed by Mike Wardlaw, as Vice President for Wardlaw. *Id.* Nevertheless, Plaintiff seeks to hold the Non-Employer Defendants liable for fraudulent inducement, fraud, and promissory estoppel, and for the alleged *contractual* debts of Wardlaw. The sole bases upon which Plaintiff seeks

---

[1] Unless otherwise indicated, references to exhibits are to the exhibits contained in the *Appendix in Support of Wardlaw Consulting Services, Inc.'s Motion for Partial Summary Judgment.*

1

to do so are the following allegations. Docket No. 63:

> [footnote 2]: Upon information and belief, all defendant entities named in this complaint were owned and controlled by the same three members of the Wardlaw family, and acted as a joint enterprise . . .
>
> [footnote 4]: Although Rekiel was formally employed by Defendant WCSI for administrative purposes, the Agreement expressly contemplated that Rekiel would perform services on behalf of all Defendants and collectively referred to all Defendants as "Employer." *See Ex. 1*, p. 1, fn 1. Defendants therefore acted jointly and collectively in reference to the Agreement.
>
> [§ 54]: Under the terms of the Agreement, Rekiel agreed to perform services for each of the Defendants, who jointly and collectively entered into the Agreement for the common purpose of securing Rekiel's services as her employer. *See Ex. 1*, p. 1 fn 1. Each Defendant therefore bargained for the right to control and benefit from Rekiel's performance of services under the Agreement. Upon information and belief, a community of pecuniary interest exists among Defendants with respect to the services Rekiel performed while in their employment and/or the independent adjusting business at large over which each Defendant holds an equal right to direct and control. One or more Defendants committed the tort of fraud and/or fraudulent inducement against Rekiel, as described herein, while acting in the scope of this joint enterprise. Each Defendant is therefore liable for Rekiel's damages as a member of the joint enterprise, in addition to each Defendant's direct liability as Rekiel's contractual employer.

As a matter of law, Plaintiff's allegations are insufficient to impose liability on any of the Non-Employer Defendants.

## ARGUMENT

### I.

**AS A MATTER OF LAW, THE NON-EMPLOYER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S NON-CONTRACTUAL CLAIMS, *I.E.*, FRAUDULENT INDUCEMENT, FRAUD, AND PROMISSORY ESTOPPEL.**

The Non-Employer Defendants join in *Wardlaw Consulting Services, Inc.'s Motion for Partial Summary Judgment* Argument Nos. III, V, and VIII. For the reasons stated therein, the Non-Employer Defendants are entitled to summary

judgment on all of Plaintiff's fraudulent inducement, fraud, and promissory estoppel claims. Consequently, the Non-Employer Defendants are likewise entitled to summary judgment on Plaintiff's "joint enterprise" allegations in Docket No. 63 ¶ 54 that "[o]ne or more Defendants committed the tort of fraud and/or fraudulent inducement against Rekiel, as described herein, while acting in the scope of this joint enterprise. Each Defendant is therefore liable for Rekiel's damages as a member of the joint enterprise[.]" Because Plaintiff has failed to establish "the tort of fraud and/or fraudulent inducement" and because an employee at will cannot maintain a claim for fraudulent inducement[2] or fraud,[3] it necessarily follows that Plaintiff's "joint enterprise" claim in ¶ 54 is likewise without merit.

---

[2] *E.g., Allamon v. Acuity Spec. Prod., Inc.*, 877 F. Supp. 2d 498, 518–519 (E.D. Tex. 2012), *aff'd*, 534 Fed. App'x. 248 (5th Cir. 2013) ("An at-will employee's claim for fraudulent inducement is also precluded as a matter of law."); *Hanold v. Raytheon Co.*, 662 F.Supp.2d 793, 806 (S.D. Tex. 2009) ("Because of his status as an at-will employee, Plaintiff Hanold's cause of action for fraudulent inducement must fail."); *Cahak v. Rehab Care Group, Inc.*, 2008 WL 3112083, at 3 (Tex. App.—Waco Aug. 6, 2008, n.p.h.) ("An at-will employee's claim for fraudulent inducement is . . . precluded as a matter of law."); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App.—Houston [1st Dist.] 2007, n.p.h.) (at-will employee's claim for fraudulent inducement is precluded as a matter of law); *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 379–80 (Tex. App.—Houston [1st Dist.] 2005, n.p.h.) (status as at-will employee precludes claim for fraudulent inducement as a matter of law; *Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 330 (Tex. App.—Waco 2000, rev. denied) (it is unreasonable for an at-will employee or applicant to rely on oral, unenforceable representations of their employer concerning the terms or conditions of employment or prospective employment).

[3] *E.g., Sawyer v. E.I. Du Pont De Nemours and Co.*, 430 S.W.3d 396 (2014) (employee at-will cannot sue employer for fraud based on terms and conditions of employment); *PAS, Inc. v. Engel*, 350 S.W.3d 602, 612–13 (Tex. App.—Houston [14th Dist.] 2011, n.p.h.) (because detrimental reliance is an element of fraud, an employee's at-will status precludes a fraud claim as a matter of law).

**II.**

**ADEQUATE TIME FOR DISCOVERY HAS PASSED AND PLAINTIFF HAS FAILED TO PRODUCE ANY EVIDENCE SUFFICIENT TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING ANY OF THE ELEMENTS OF A "JOINT ENTERPRISE" AGAINST ANY OF THE NON-EMPLOYER DEFENDANTS.**

The elements essential to establishing a "joint enterprise" are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *E.g.*, *Shoemaker v. Whistler's Estate,* 513 S.W.2d 10 (Tex. 1974). Additionally, "A joint enterprise requires evidence that monetary benefits are shared among the members of the group without special or distinguishing characteristics." *David L. Smith & Assoc., L.L.P. v. Stealth Detection, Inc.*, 327 S.W.3d 873, 878 (Tex. App.—Dallas 2010, no pet.). Plaintiff bears the burden of proving *each* element, *individually*, against *each* of the Non-Employer Defendants. She has utterly failed to do so.

**III.**

**PLAINTIFF HAS FAILED TO PRODUCE ANY EVIDENCE UPON WHICH TO ESTABLISH AGAINST ANY OF THE NON-EMPLOYER DEFENDANTS A BASIS FOR IMPOSING LIABILITY FOR THE CONTRACTUAL OBLIGATIONS OF WARDLAW CONSULTING SERVICES, INC.**

**A. TEXAS LAW—SEPARATE CORPORATE IDENTITIES:**

Although Wardlaw and the Non-Employer Defendants are affiliated companies, "Texas courts are loathe to merge the separate legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front' for the parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal fraud or illegality." *Miles v. AT&T Co.*, 703 F.2d 193, 195 (5th Cir.

1983). *See also, e.g., Krivo Indus. Supply Co. v. Nat'l Distillers & Chem. Corp.*, 483 F.2d 1098, 1102 (5th Cir.1973) (corporate form is not disregarded lightly since the law created corporations primarily to allow limited liability); *SSP Partners v. Gladstrong Invest. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008) (the "[c]reation of affiliated corporations to limit liability while pursuing common goals lies firmly within the law and is commonplace"); *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 825 (Tex. App.—Texarkana 2004, no pet.) (courts presume that a parent corporation and its separate corporate subsidiary are distinct legal entities); *Pulaski Bank & Trust Co. v. Tex. Am. Bank, N.A.*, 759 S.W.2d 723, 731 (Tex. App.—Dallas 1988, writ denied) ("Under Texas law, the separate identity of corporations will be observed by the courts, even in instances where one may dominate or control the other, or may even treat it as a mere department, instrumentality or agency of the other."); *Norton v. Integral Corp.*, 584 S.W.2d 932, 935 (Tex. App.—Austin 1979, no writ) (same).

As the Non-Employer Defendants are not parties to Plaintiff's *Employment Agreement* with Wardlaw, as a matter of law none of the Non-Employer Defendants have any liability on Plaintiff's breach of contract claim. "We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances." *SSP Partners v. Gladstrong Invest. (USA) Corp.*, 275 S.W.3d at 455. *See also, e.g., Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 448–49 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding company was not liable for the obligations of an employment agreement between the plaintiff and the holding company's subsidiary because the only signatories to the employment agreement were the plaintiff and the subsidiary). *Cf., U.S. Risk Ins. Grp., Inc. v. Woods*, 399 S.W.3d 295, 302 (Tex. App.—Dallas 2013, no pet.) (subsidiary employer could not

enforce a non-competition agreement against a former employee because the agreement was between the subsidiary's parent and the employee, not the subsidiary itself).

**B. THE NON-EMPLOYER DEFENDANTS ARE NOT PARTIES TO THE AGREEMENT, MERELY THIRD-PARTY BENEFICIARIES:**

Initially, Plaintiff's representation of the agreement is demonstrably inaccurate. Contrary to Plaintiff's allegation that the employment agreement "collectively refer[s] to all Defendants as 'Employer,'" in fact, the agreement (Ex. 3) states (emphasis added): "*Where the context requires* in this agreement, references to Employer include Wardlaw Services, Inc. and its Affiliates as listed above." In fact, the opening paragraph of the agreement specifically identifies Wardlaw Consulting Services, Inc., as the "Employer" and the agreement is only signed by Plaintiff and "EMPLOYER, WARDLAW CONSULTING SERVICES." *Id.*, p. 7. The Non-Employer Defendants are not signatories or parties to the agreement, merely third-party beneficiaries. *Id.*, n. 1:

> Under this Agreement, Employee shall be employed by Wardlaw Consulting Services, Inc., for administrative purposes. However, services to be performed by the Employee will be for Wardlaw Consulting Services, Inc. and [the Non-Employer Defendants].

Construction of the contract is a question of law for the Court. *E.g., City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). Every attempt must be made to harmonize all the provisions within the agreement and each provision must be considered with reference to the whole agreement. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The entire agreement must be interpreted in such a way that all its provisions are given effect and none are rendered meaningless. *See, e.g., HighMount Exploration & Prod. LLC v. Harrison Interests, Ltd.*, 503 S.W.3d 557, 562 (Tex. App.—Houston

**6**

[14th Dist.] 2016, no pet.).

Plaintiff's contorted construction of the agreement that it "collectively refer[s] to all Defendants as 'Employer'" (Docket No. 63 n. 4) *for all purposes* would render meaningless the language "*[w]hen the context so requires.*"[4] *See, e.g., Easter v. Prof'l Perform. Dev. Group, Inc.*, 2016 WL 4033269, at 3 (W.D. Tex. July 27, 2016) (rejecting plaintiff's interpretation of contract because doing so would render meaningless other parts of the agreement); *Henry & Sons Constr. Co., Inc. v. Campos*, 510 S.W.3d 689, 696 (Tex. App.—Corpus Christi 2016, pet. denied structure) (rejecting plaintiff's interpretation of contractual provision because doing so would render meaningless the contract's distinctive word choice).

## C. PLAINTIFF'S "JOINT ENTERPRISE" DOES NOT CONSTITUTE A BASIS FOR IMPOSING *CONTRACTUAL* LIABILITY:

"Joint enterprise" is a theory which, when applicable, serves as a theory by which members of a "joint enterprise" may be held liable for the *negligence* of another member. "'[T]he theory of joint enterprise is to make each party thereto the agent of the other and thereby to hold each responsible for the *negligent* act of the other.'" *Tex. Dept. of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000) (emphasis added; quoting *Shoemaker, supra*). In addition to the four elements essential to establish a joint enterprise, a plaintiff must establish that "at least 'one of the [D]efendants was *negligent*' so that 'the *negligence* of [that] one [D]efendant may be imputed to the others.'" *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, 2016 WL 2756589, at 14 n. 16 (S.D. Tex. May 9, 2016) (emphasis

---

[4] During her deposition, Plaintiff could not identify a single task she had performed for any of the Non-Employer Defendants during her entire employment. Ex. 1 (178:12 to 180:14).

added; quoting *Chevez v. Brinkerhoff,* 2014 WL 7246798, at 7–8 (Tex. App.—Dallas Dec. 22, 2014, no pet.)). Joint enterprise is a *negligence* theory, not a basis for imposing *contractual* or other liability.

## IV.

**ALTERNATIVELY, PLAINTIFF'S CLAIMS SHOULD BE LIMITED TO BREACH OF CONTRACT FOR ALLEGEDLY UNPAID COMMISSIONS UNDER ¶ 2.03 OF THE AGREEMENT, BETWEEN JANUARY 27, 2014 (THE EARLIEST DATE TO WHICH THE STATUTE OF LIMITATIONS DOES NOT APPLY) AND AUGUST 15, 2016 (WHEN PLAINTIFF BREACHED THE EMPLOYMENT AGREEMENT AND HER FIDUCIARY DUTIES, THEREBY RELIEVING WARDLAW OF FURTHER PAYMENT OBLIGATIONS UNDER THE AGREEMENT).**

Alternatively to Arguments I, II, and III, above, the Non-Employer Defendants join in *Wardlaw Consulting Services, Inc.'s Motion for Partial Summary Judgment* Argument Nos. IV, VI, VII, and VIII. Plaintiff's claim, at best, must be limited to (1) a breach of contract claim; (2) for allegedly unpaid commissions; (3) calculated under ¶ 2.03 of the employment agreement; (4) after January 27, 2014; and (5) before August 15, 2016.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, the Non-Employer Defendants' motion for summary judgment should be, in all things, **GRANTED**. The Court should enter a take-nothing judgment on behalf of the Non-Employer Defendants against Plaintiff, with costs taxed against Plaintiff.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[5]
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8206
Fax: (214) 871-8209
Email: jross@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**

---

[5] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

## **CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and (b)(3), I certify a true and correct copy of the foregoing document was filed electronically on the 17th day of June, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                /s/ *John L. Ross*
                                                **JOHN L. ROSS**