IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION



| | |
|---|---|
| DEBRA REKIEL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CA No. 6:18-cv-0025-ADA-JCM |
| | § |
| WARDLAW CONSULTING SERVICES, INC., | § |
| | § |
| Defendant. | § |

## JURY INSTRUCTIONS

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers

say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

BURDEN OF PROOF

The Plaintiff, Debra Rekiel, has the burden of proving her claims by a preponderance of the evidence. Defendant Wardlaw Consulting has the burden of proving its counterclaims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claims by a preponderance of the evidence, then Plaintiff may not recover on that claim. Conversely, if you find that Defendant has failed to prove any element of its claims by a preponderance of evidence, then Defendant may not recover on that claim.

EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair

inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## STIPULATIONS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the following facts:

1. On August 29, 2011, Rekiel signed an *Employment Agreement* with Wardlaw Consulting.

2. Despite the written agreement which governed certain terms and conditions of Rekiel's employment, Rekiel was at all times an employee-at-will.

3. On October 1, 2011, Rekiel began work pursuant to the *Employment Agreement.*

4. Effective January 1, 2013, ¶ 2.03 of the *Employment Agreement* governed Rekiel's method of compensation, subject to modifications of the agreement, if any, thereafter made.

5. On March 15, 2018, Plaintiff's employment with Defendant was terminated.

3

6. The termination was lawful and was within Wardlaw Consulting's rights to discharge Rekiel.

WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did

something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

INTRODUCTORY INSTRUCTIONS
REGARDING THE PARTIES RESPECTIVE BREACH OF CONTRACT CLAIMS

The parties in this case each claim the other breached the *Employment Agreement*. Rekiel contends Wardlaw Consulting failed to pay her the proper amount of commissions on and after January 27, 2014, and that she is owed additional commissions since that date. Wardlaw Consulting contends that Rekiel breached the confidentiality provisions of the employment agreement, that her breach was a material breach, and that as a consequence it is relieved of paying Rekiel any commissions after August 15, 2016.

Regarding the parties' breach of contract claims, I have already decided certain issues as a matter of law and you must accept my findings. However, you must determine certain other issues regarding the parties' breach of contract claims. I have already determined the following:

1. Effective January 1, 2013, ¶ 2.03 of the *Employment Agreement* governed Plaintiff's method of compensation, subject to modifications of the agreement, if any, thereafter made.

2. Wardlaw Consulting breached the *Employment Agreement* after by failing to pay Rekiel all of the commissions due her beginning January 27, 2014. You will need to determine the amount. In that regard, Wardlaw Consulting contends that beginning in July 2013, Rekiel was informed of and agreed to a modification of ¶ 2.03 her commission structure by agreeing to a reduction in her commission percentage on State Farm services fees. Rekiel denies the modification. You will need to determine whether the parties agreed to the modification, either expressly or by operation of law.

3. Third, Rekiel breached the confidentiality provisions of the *Employment Agreement*, beginning August 15, 2016. You will need to determine whether Rekiel's breach was a material breach of the agreement.

CONTRACT LIABILITY

You are instructed that Defendant Wardlaw Consulting Services, Inc. and Plaintiff Debra Rekiel both failed to comply with the *Employment Agreement*. The circumstances to consider in determining whether a failure to comply is material include:

a. The extent to which the injured party will be deprived of the benefit which she reasonably expected;

b. The extent to which the injured party can be adequately compensated for the part of that benefit of which she will be deprived;

c. The extent to which the party failing to perform or to offer to perform will suffer forfeiture;

d. The likelihood that the party failing to perform or to offer to perform will cure its failure, taking into account the circumstances including any reasonable assurances;

e. The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

QUESTION NO. 1:

Was Defendant Wardlaw Consulting Services, Inc.'s failure to comply with the *Employment Agreement* material?

ANSWER: _____  ("YES" OR "NO")

ONCE YOU HAVE ANSWERED QUESTION 1, PROCEED TO ANSWER THE FOLLOWING QUESTION.

QUESTION NO. 2:

Was Plaintiff Debra Rekiel's failure to comply with the confidentiality provisions of the *Employment Agreement* material?

ANSWER: _____ ("YES" OR "NO")

IF YOU ANSWERED "YES" TO BOTH QUESTION 1 AND QUESTION 2, THEN ANSWER QUESTION 3. OTHERWISE, DO NOT ANSWER QUESTION 3 AND PROCEED TO QUESTION 4.

QUESTION NO. 3:

Who failed to comply with the *Employment Agreement* first?

ANSWER: _____ ("PLAINTIFF REKIEL" OR "DEFENDANT WARDLAW")

ONCE YOU HAVE ANSWERED QUESTIONS 1-2, OR QUESTIONS 1-3, IF APPROPRIATE, THEN PROCEED TO ANSWER THE FOLLOWING QUESTION.

MODIFICATION

The parties dispute whether there was an agreement to modify Plaintiff's commission structure beginning in July 2013 regarding service fees received from State Farm to a percentage less than the one percent stated in ¶ 2.03 of the *Employment Agreement*.

Under Texas law, Defendant bears the burden of proof to establish its affirmative defense that Plaintiff agreed to a modification of the parties' contract.

Under Texas law, a written agreement like the *Employment Agreement* may be orally modified by agreement, notwithstanding a modification-only-in-writing provision contained in the agreement.

Under Texas law, when the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit and, if the employee continues to work, she has accepted those changes as matter of law.

QUESTION NO. 4:

Do you find that Debra Rekiel agreed to modification of her State Farm commission structure beginning in July 2013, either expressly or by operation of law?

ANSWER: _____ ("YES" OR "NO")

### BREACH OF FIDUCIARY DUTIES

Defendant contends that Plaintiff breach fiduciary duties she owed to Defendant as her employer. In Texas, an employee owes fiduciary duties to her employer. These duties include the duties (1) to not appropriate trade secrets, confidential or proprietary information; (2) to not to carry away confidential information of the employer's; (3) of loyalty and utmost good faith; (4) of fair, scrupulously honest dealing; (5) to act with integrity of the strictest kind; (6) of utmost candor.

To prove Plaintiff failed to comply with her fiduciary duty, Defendant must show Plaintiff—

    a. did not make reasonable use of the confidence that Defendant placed in her; or

    b. appropriated trade secrets, confidential or proprietary information; or

    c. carried away confidential information of Defendant; or

    d. failed to act in the utmost good faith or exercise the most scrupulous honesty toward Defendant; or

    e. placed her own interests before Defendant's, used the advantage of her position to gain a benefit for herself at the expense of Defendant, or placed herself in a position where her self-interest might conflict with her obligations as a fiduciary.

QUESTION NO. 5:

Did Debra Rekiel fail to comply with her fiduciary duties to Wardlaw Consulting Services, Inc.?

ANSWER: _____    ("YES" OR "NO")

IF YOU ANSWERED "YES" TO QUESTION NO. 5, THEN ANSWER QUESTION NO. 6. OTHERWISE, DO NOT ANSWER QUESTION NO. 6.

QUESTION NO. 6:

Was Debra Rekiel's breach of fiduciary duty willful?

ANSWER: _____    ("YES" OR "NO")

PRELIMINARY INSTRUCTION REGARDING DAMAGES

If Plaintiff Debra Rekiel has proved her claim against Defendant Wardlaw Consulting Services, Inc., by a preponderance of the evidence, you must determine the damages to which Plaintiff Rekiel is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Rekiel's damages as an indication in any way that I believe that Plaintiff Rekiel should, or should not, win this case. It is your task first to decide whether Defendant Wardlaw is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Wardlaw is liable and that Plaintiff Rekiel is entitled to recover money from Defendant Wardlaw.

Likewise, if Counter-Plaintiff Wardlaw proves its claim against Counter-Defendant Debra Rekiel by a preponderance of the evidence, you must determine the damages to which Counter-Plaintiff Wardlaw is entitled. You should not interpret the fact that I am giving instructions about Counter-Plaintiff Wardlaw's damages as an indication in any way that I believe that Counter-Plaintiff Wardlaw should, or should not, win this case. It is your task first to decide whether Counter-Defendant Rekiel is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Counter-Defendant Rekiel is liable and that Counter-Plaintiff Wardlaw is entitled to recover money from Counter-Defendant Rekiel.

Each party must prove its or her damages, if any, by a preponderance of the evidence. Your award, if any, must be based on evidence and not speculation or guesswork. On the other hand, neither party need prove the amount of its or her losses, if any, with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Do not include interest on any amount of damages you may find.

IF YOU ANSWERED "YES" TO QUESTION NO. 2, THEN ANSWER THE FOLLOWING QUESTION NO. 7 AND DO NOT ANSWER QUESTION NO. 8. IF YOU ANSWERED "NO" TO QUESTION NO. 2, THEN DO NOT ANSWER QUESTION NO. 7 AND, INSTEAD, ANSWER QUESTION NO. 8.

QUESTION NO. 7:

What amount of additional commissions, if any, is owed to Debra Rekiel from January 27, 2014, to August 15, 2016?

ANSWER: _____ (ANSWER IN DOLLARS AND CENTS, IF ANY)

QUESTION NO. 8:

What amount of additional commissions, if any, is owed to Debra Rekiel from January 27, 2014, to the present?

ANSWER: _____ (ANSWER IN DOLLARS AND CENTS, IF ANY)

IF YOU ANSWERED "YES" TO QUESTION NO. 5, THEN ANSWER THE FOLLOWING QUESTION NO. 9; OTHERWISE, DO NOT ANSWER QUESTION NO. 9.

QUESTION NO. 9:

What amount of money, if paid in cash, would compensate Wardlaw for Debra Rekiel's breach of fiduciary duty?

ANSWER: _____ (ANSWER IN DOLLARS AND CENTS, IF ANY)

IF YOU ANSWERED "YES" TO QUESTION NO. 5 AND ANSWERED "YES" TO QUESTION NO. 6, THEN ANSWER THE FOLLOWING QUESTION NO. 10; OTHERWISE, DO NOT ANSWER QUESTION NO. 10.

QUESTION NO. 10:

What is the amount of income paid by Wardlaw to Debra Rekiel after August 15, 2016?

ANSWER: _____ (ANSWER IN DOLLARS AND CENTS, IF ANY)

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any

electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook®, MySpace®, LinkedIn®, YouTube®, or Twitter®, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

If you need to communicate with me during you deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

## CERTIFICATE

We, the jury, have answered the above and foregoing questions unanimously, and herewith return the same into court as our verdict.

_____                 _____
Date                                             Jury Foreperson

SIGNED at Waco, Texas, this the _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE